1 JACK S. SHOLKOFF, State Bar No. 145097
jack.sholkoff@ogletreedeakins.com
2 BETH A. GUNN, State Bar No. 218889
beth.gunn@ogletreedeakins.com
3 OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4 633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
5 Telephone: (213) 239-9800
Facsimile: (213) 239-9045
6
Attorneys for Defendant
7 DARDEN RESTAURANTS, INC.

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11 JESUS ALBERTO CACERES, an
individual; CYNTHIA STRAYER, an
12 individual; MELIDA NOVOA, an
individual; LAURIE COX, an
13 individual; ALLISON CARROLL, an
individual; ELIAH LEFFERTS, an
14 individual; TONY DUNN, an
individual; for themselves, and on behalf
15 of all others similarly situated,

16                  Plaintiffs,

17          v.

18 DARDEN RESTAURANTS, INC., a
Florida corporation, doing business in
19 California as RED LOBSTER, and
DOES 1 through 52, inclusive,
20
                 Defendants.
21

Case No. CV08-06840 JSL (AGRx)

**DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION TO
FEDERAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, 1446, AND
1453**

[Los Angeles County Superior Court
Case No. BC395043]

Date Filed: September 12, 2008

22

23

24 ///

25 ///

26 ///

27 ///

28

6739030_1.DOC

1  **TO THE CLERK OF THE COURT, PLAINTIFFS AND THEIR**

2  **COUNSEL OF RECORD:**

3        **PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1441, 1446, and

4  1453, Defendant Darden Restaurants, Inc. (hereinafter "Defendant" or "Darden")

5  hereby removes the above-entitled action from the Superior Court of the State of

6  California for the County of Los Angeles to the United States District Court for the

7  Central District of California, and in furtherance of this removal avers:

8        1.    On or about September 12, 2008, Plaintiffs Jesus Alberto Caceres,

9  Cynthia Strayer, Melida Novoa, Laurie Cox, Allison Carroll, Eliah Lefferts, and

10  Tony Dunn (hereinafter, "Named Plaintiffs"), for themselves and on behalf of all

11  others similarly situated, filed a Civil Complaint (the "Complaint") in the Superior

12  Court of the State of California, County of Los Angeles, entitled <u>Jesus Alberto</u>

13  <u>Caceres, an individual; Cynthia Strayer, an individual; Melida Novoa, an individual;</u>

14  <u>Laurie Cox, an individual; Allison Carroll, an individual; Eliah Lefferts, an</u>

15  <u>individual; and Tony Dunn, an individual; for themselves, and on behalf of all others</u>

16  <u>similarly situated, Plaintiffs, v. Darden Restaurants, Inc., a Florida corporation, doing</u>

17  <u>business in California as Red Lobster, and Does 1 through 52, inclusive</u>, Case No.

18  BC395043.

19        2.    Defendant first received the Summons and Complaint on September 19,

20  2008, when Defendant's registered agent for service of process, Corporate Creations,

21  forwarded a copy after being personally served that day. <u>See</u> Declaration of Paula

22  Shives in Support of Defendant's Removal ("Shives Decl."), ¶2. A true and correct

23  copy of the Summons and Complaint is attached hereto as Exhibit "A." Shives

24  Decl., ¶2.

25        3.    The Complaint asserts claims for the following causes of action:  (1)

26  Unpaid Minimum Wages (pursuant to Labor Code §1194 and Wage Order 5-2001;

27  (2) Unpaid Meal and Break Periods (pursuant to Industrial Wage Order 5-2001 and

28   

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

6739030_1.DOC

1    California Labor Code §226.7); (3) Violation of Labor Code §203 (§203 Subclass);

2    and (4) Unfair Business Practices, Business & Professions Code §§ 17200, *et seq.*

3        4.    <u>Jurisdiction Pursuant to the Class Action Fairness Act</u>. This action is

4    one over which this Court has original jurisdiction under 28 U.S.C. §1332 and is one

5    which may be removed by Defendant pursuant to 28 U.S.C. §§ 1441 and 1453, in

6    that the number of potential class members exceeds 100, the parties are citizens of

7    different states, and the amount in controversy exceeds the aggregate value of

8    $5,000,000.00.  Pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No.

9    109-2 (enacted Feb. 18, 2005) (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715),

10   federal district courts have original jurisdiction over a class action if (1) it involves

11   100 or more putative class members, (2) any class member is a citizen of a state

12   different from any defendant, and (3) the aggregated controversy exceeds $5 million.

13   *See* 28 U.S.C. §§ 1332(d)(2) and (d)(6).

14       5.    To the extent this Court would not otherwise have jurisdiction over any

15   claim, it may exercise supplemental jurisdiction over such a claim pursuant to 28

16   U.S.C. § 1367. See <u>Exxon Mobil Corp. v. Allapattah Services, Inc.</u>, 125 S. Ct. 2611,

17   162 L. Ed. 2d 502 (2005).

18       6.    Defendant is the only named and served defendant in this matter.  The

19   consent of any other defendants is therefore inapplicable.  In any event, this action

20   may be removed solely by Defendant without the consent of other defendants

21   pursuant to CAFA, 28 U.S.C. § 1453(a).

22       7.    <u>Venue is Proper.</u> The Superior Court of California, Los Angeles

23   County, is located within the Central District of California, Western Division.

24   Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. § 84(a)

25   because the Central District of California, Western Division is the "district and

26   division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

27   ///

28

CASE NO.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

6739030_1.DOC

8.   <u>The Size of the Putative Class Exceeds 100.</u> Plaintiff defines the class as consisting of the following three subclasses: (1) all current and former Darden employees who worked at Red Lobster as General Managers in California at any time from July 2004 through the present; (2) all current and former Darden employees who worked at Red Lobster as Beverage and Hospitality Managers in California at any time from July 2004 through the present; and (3) all current and former Darden employees who worked at Red Lobster as Service Managers in California at any time from July 2004 through the present. (Complaint, ¶ 14). Plaintiff also seeks to represent a Sub-Class of the Class, consisting of person whose employment with Darden at Red Lobster ended at any time since July 2004 to the present. (Complaint, ¶ 15). The Complaint also alleges that the Class includes over 500 current and former employees employed by Darden at its Red Lobster restaurants as either General Manager, Service Manager, or Beverage and Hospitality Manager. (Complaint, ¶ 1). Therefore, this action is a class action pursuant to 28 U.S.C. § 1332(d).

9.   <u>The Parties Are Diverse.</u> Defendant was, at the time of the filing of this action, and still is, a Corporation formed under the laws of the State of Florida, with its principal place of business in Orlando, Florida. (See Shives Decl., ¶ 3). Pursuant to 28 U.S.C. 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Defendant's principal place of business and of current operations is located in the state of Florida because its headquarters, and its executive and senior management personnel, as well as its primary management operations, are located in Orlando, Florida. (Shives Decl., ¶ 3). Accordingly, Defendant is not a citizen of the State of California. The Named Plaintiffs are citizens of California and Arizona. (Complaint, ¶ 2-8). Members of the putative class, who are or were employed in California, are presumed to be primarily citizens of the State of California. The

CASE NO.
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

6739030_1.DOC

1   citizenship of fictitiously-named "Doe" defendants is to be disregarded for the
2   purposes of removal. 28 U.S.C. § 1441(a). Accordingly, the diversity of citizenship
3   requirements under 28 U.S.C. § 1332(a)(1) are met.

4          10.    <u>The Amount In Controversy Exceeds An Aggregate of $5,000,000.00.</u>
5   In their Prayer for Relief, Named Plaintiffs have specified that the amount in
6   controversy is in excess of $5,000,000. Named Plaintiffs specified the following
7   amounts in controversy:

8              a.  In excess of $5,000,000, plus interest, for unpaid minimum wage
9                  compensation (Complaint, 16:3-4);

10             b.  In excess of $7,000,000, plus interest, for unpaid meal and rest break
11                 premiums (Complaint, 16:6-7); and

12             c.  In excess of $5,000,000, plus interest, for waiting time penalties
13                 under Labor Code § 203 for all class members during the applicable
14                 limitations period (Complaint, 16:8-10).

15  Thus, the total amount in controversy specified by Named Plaintiffs is $17,000,000.
16  In addition, plaintiff seeks liquidated damages pursuant to Labor Code Section
17  1194.2, treble damages pursuant to the Unfair Practices Act, attorney fees, expenses
18  and costs pursuant to Labor Code Section 1194, and injunctive relief, which would
19  add additional sums to the amount in controversy.

20         11.    <u>Requirements of 28 U.S.C. §1446(d) Are Fulfilled.</u>  As required by 28
21  U.S.C. §1446(d), this Notice is filed within 30 days after any defendant in this matter
22  was first served with a copy of the Summons and Complaint.

23         12.    As required by 28 U.S.C. §1446(d), Defendants will give notice of this
24  removal to Plaintiffs through their attorneys of record.

25         13.    As required by 28 U.S.C. §1446(d), a copy of this Notice will be filed
26  with the Superior Court of the State of California in and for the County of Los
27  Angeles.

28
CASE NO.
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

6739030_1.DOC

1    14.    In the event this Court has a question regarding the propriety of this

2  Notice of Removal, Defendant requests that it issue an Order to Show Cause so that

3  it may have an opportunity to more fully brief the basis for this removal.

4

5        Accordingly, Defendant removes the above-entitled action to this Court.

6

7  DATED:  October 17, 2008              OGLETREE, DEAKINS, NASH, SMOAK

8                                        & STEWART, P.C.

9

10                                       By: _____

11                                            Beth A. Gunn

12                                       Attorneys for Defendant

13                                       DARDEN RESTAURANTS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

6739030_1.DOC

**EXHIBIT A**

09/12/2008  16:14  2136253244          LASC                    PAGE  02/03
09/12/2008  15:15  18055600506    LAUREN JOHN UDDEN            PAGE  02/04

9-19-08 CW
1000    CW

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
LOS ANGELES SUPERIOR COURT

SEP 12 2008

JOHN A. CLARKE, CLERK
BY NANCY ALVAREZ, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Darden Restaurants, Inc., a Florida Corporation, doing business in
California, as Red Lobster, and Does 1 through 52

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Jesus Alberto Caceres, an Individual; Cynthia Strayer, an individual;
Melida Novoa, an individual; Laurie Cox, an individual; Additional
Parties Attachment Form is Attached

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court - Central District; 111 North Hill Street, Los<br>Angeles, California, 90021 | CASE NUMBER:<br>*(Número del Caso):*<br>BC395043 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lauren J. Udden, Esq., The Law Offices of Lauren J. Udden, 15 West Carrillo Street, Suite 209, Santa
Barbara, California, 93101; tel: 805-879-7544; fax: 805-560-0506.

DATE:                              Clerk, by                         NANCY ALVAREZ    , Deputy
*(Fecha)*  SEP 12 2008             *(Secretario)*                                     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Darden Restaurants, Inc., a Florida Corporation, doing business in California, as Red Lobster

   under: ☑ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Exhibit ___A___, Page ___6___

Case 2:08-cv-06840-CAS-AGR Document 1 Filed 10/17/08 Page 9 of 30 Page ID #:9

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Darden Restaurants, Inc., a Florida Corporation, doing business in
California, as Red Lobster, and Does 1 through 52

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Jesus Alberto Caceres, an Individual; Cynthia Strayer, an individual;
Melida Novoa, an individual; Laurie Cox, an individual; Additional
Parties Attachment Form is Attached

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court - Central District; 111 North Hill Street, Los<br>Angeles, California, 90021 | CASE NUMBER<br>*(Número del Caso)*<br>BC395043 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lauren J. Udden, Esq., The Law Offices Of Lauren J. Udden. 15 West Carrillo Street, Suite 209, Santa
Barbara, California 93101; tel: 805-879-7544; fax: 805-560-0506

| DATE:<br>*(Fecha)* | Clerk, by _____, Deputy<br>*(Secretaria)* *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc. www.USCourtForms.com |
|---|---|---|

Exhibit ___A___, Page ___1___

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Jesus Alberto, et al v. Darden Restaurants | BC395043 |

### INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

Allison Carroll an individual; Eliah Lefferts, an individual; Tony Dunn, an individual; for themselves and on behalf of all others similarly situated,

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit __A__, Page __8__

07/24/2008  12:20    1805550050    LAUREN JOHN UDDEN    PAGE  08/23

THE LAW OFFICE OF
GARRY M. TETALMAN
Garry M. Tetalman (#204189)
15 W. Carrillo Street, Suite 218
Santa Barbara, CA 93101
Telephone: (805) 879-7518
Facsimile: (805) 456-0561

THE LAW OFFICE OF
LAUREN J. UDDEN
Lauren J. Udden (#083118)
15 W. Carrillo Street, Suite 209
Santa Barbara, CA 93101
Telephone: (805) 879-7544
Facsimile: (805) 560-0506

Attorneys for Plaintiffs

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 24 2008

JOHN A. CLARKE, CLERK
BY D.M. SWAIN, DEPUTY

SUPERIOR COURT IN THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| JESUS ALBERTO CACERES, an individual; CYNTHIA STRAYER, an individual; MELIDA NOVOA, an individual; LAURIE COX, an individual; ALLISON CARROLL, an individual; ELIAH LEFFERTS, an individual; TONY DUNN, an individual; for themselves, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> DARDEN RESTAURANTS, INC., a Florida corporation, doing business in California as RED LOBSTER, and DOES 1 through 52, inclusive, <br><br> Defendants. | Case No.    BC395043 <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR:** <br><br> 1.  Unpaid Minimum Wages (pursuant to Labor Code §1194 and Wage Order 5-2001); <br><br> 2.  Unpaid Meal and Break Periods (pursuant to Industrial Wage Order 5-2001 and California *Labor Code* §226.7); <br><br> 3.  Violation of Labor Code §203 (§203 Subclass), and <br><br> 4.  Unfair Business Practices, Business & Professions Code §§17000, *et seq.* |

///
///
///

1

COMPLAINT - CLASS ACTION

07/24/2008  12:28  18055600  LAUREN JOHN UDDEN  PAGE  09/23

1  Plaintiffs JESUS ALBERTO CACERES, TONY DUNN, CYNTHIA STRAYER, MELIDA

2  NOVOA, LAURIE COX, ELIAH LEFFERTS and ALLISON CARROLL, for themselves, and on

3  behalf of all others similarly situated ("Plaintiffs"), allege as follows:

4  **GENERAL ALLEGATIONS**

5      1.    At all times herein mentioned, Defendant DARDEN RESTAURANTS, INC.,

6  ("Defendant" or "DRI"), was, and is, a Florida corporation duly authorized to do, and doing,

7  business in the State of California as RED LOBSTER RESTAURANTS ("RL") with employees

8  performing services throughout the State of California, including the County of Los Angeles. DRI

9  is the parent company and/or owner of RL, a seafood chain restaurant specializing in serving fresh

10  seafood with over 40 locations throughout the State of California, including Los Angeles County.

11  Plaintiffs believe and based thereon allege that DRI employs currently at its RL California-based

12  locations, approximately at least 50 individuals working under the job titles of General Manager,

13  at least 100 individuals working under the title Service Manager, at least 100 individuals working

14  under the title Beverage and Hospitality Manager, and at least 100 individuals working under the

15  title Culinary Manager who were not given an uninterrupted thirty (30) minute meal break for every

16  six hours worked and an uninterrupted ten (10) minute rest break for every four hours worked in

17  accordance with California laws and regulations. Plaintiffs believe and based thereon, allege that

18  the Class includes over 500 current and former employees employed by DRI at its RL restaurants

19  as either a General Manager, Service Manager or Beverage and Hospitality Manager who did not

20  receive their proper rest and meal breaks in accordance with California law regulations. Moreover,

21  General Managers were required to travel on numerous occasions throughout the year to attend

22  management meetings throughout the United States and were required to travel on their "days off"

23  and were not compensated for either travel to and from these meetings nor attending these meetings.

24      2.    At all times herein mentioned, Plaintiff JESUS ALBERTO CACERES

25  ("CACERES") was and is a resident of the City of Oxnard, State of California. Plaintiff was

26  employed by DRI from August 1993 to April 2008, spending the last seven years of his employment

27  at the DRI's RL location in Oxnard, California. From 2004, until his termination in April 2008,

28  CACERES was the General Manager of the Oxnard RL.

2

07/24/2008  12:28   180556085          LAUREN JOHN LIDDEN          PAGE  10/23

1      3.     At all times herein mentioned, Plaintiff TONY DUNN ("DUNN") was and is a

2 resident of the City of Camarillo, State of California. Plaintiff was employed by DRI from October

3 11, 2002 to April 9, 2008, spending the majority of his time at DRI's RL location in Canoga Park,

4 California. At the time of DUNN's termination, he was the General Manager of the Canoga Park,

5 California RL location.

6      4.     At all times herein mentioned, Plaintiff LAURIE SUE COX ("COX") was and is a

7 resident of Port Hueneme, State of California. Plaintiff was employed by DRI from February 5,

8 2007 to April 6, 2008, spending her first thirteen weeks of employment at DRI's RL location in

9 Salinas, California before being transferred to DRI's RL location in Oxnard, California. During

10 COX'S employment tenure at the RL location in Oxnard, California, she was the Beverage and

11 Hospitality Manager.

12     5.     Plaintiff CYNTHIA STRAYER ("STRAYER") is currently a resident of Phoenix,

13 State of Arizona. At all times relevant mentioned here, STRAYER was a resident of Port

14 Hueneme, State of California. Since September 1981, STRAYER had been employed with DRI

15 in various RL locations throughout Arizona and California. In June 2006, STRAYER transferred

16 to the RL located in Oxnard, State of California. During STRAYER'S employment with RL in

17 Oxnard, California, she was a Culinary Manager.

18     6.     At all times herein mentioned, Plaintiff ALLISON CARROLL ("CARROLL") was

19 and is a resident of Ventura, State of California. Plaintiff was employed by DRI from August 2,

20 2004 to April 6, 2008, spending her entire employment tenure at DRI's RL location in Oxnard,

21 California. At the time of her termination, CARROLL was a Service Manager.

22     7.     At all times herein mentioned, Plaintiff MELIDA NOVOA ("NOVOA") was and

23 is a resident of Port Hueneme, State of California. Plaintiff was by DRI from March 6, 2007 to

24 April 7, 2008, spending her entire career at DRI's RL location in Oxnard, California as a Service

25 Manager.

26     8.     At all times herein mentioned, Plaintiff ELIAH LEFFERTS ("LEFFERTS") was and

27 is a resident of Santa Paula, State of California. Plaintiff was employed by DRI from May 22, 2006

28 to April 6, 2008, spending his tenure at DRI's RL location in Canoga Park, California. At the time

3

COMPLAINT - CLASS ACTION

1   of his termination, Plaintiff was a Service Manager.

2       9.   Collectively, CACERES, DUNN, COX, STRAYER, CARROLL, NOVOA, and
3   LEFFERTS are hereinafter referred to as Plaintiffs.

4       10.   The true names and capacities, whether individual, corporate, associate, or otherwise,
5   of defendants sued herein as DOES 1 through 52, inclusive, are currently unknown to Plaintiffs,
6   who therefore sues defendants by such fictitious names.  Plaintiffs are informed and believe, and
7   based thereon allege, that each of the defendants designated herein as a DOE is legally responsible
8   in some manner for the events and happenings referred to herein and caused injury and damage
9   proximately thereby to Plaintiffs as hereinafter alleged. Plaintiffs will seek leave of Court to amend
10  this Complaint to reflect the true names and capacities of the defendants designated hereinafter as
11  DOES when the same have been fully ascertained.

12      11.   Whenever in the Complaint reference is made to "defendants, and each of them"
13  such allegations shall be deemed to mean the acts of defendants acting individually, jointly, and/or
14  severally.

15      12.   Plaintiffs are informed and believe, and based thereon allege, that at all times
16  mentioned herein, each of the defendants was the agent, servant, employee, co-venturer, and co-
17  conspirator of each of the remaining defendants, and was at all times herein mentioned, acting
18  within the course, scope, purpose, consent, knowledge, ratification, and authorization for such
19  agency, employment, joint venture and conspiracy.

20      13.   This action is also brought by the Class for unpaid minimum wage compensation
21  pursuant to California Labor Code Section 1194 and Wage Order No. 5.

22      14.   This action is brought pursuant to California *Code of Civil Procedure*, Section 382
23  on behalf of three classes.  Class A is composed of all current and former DRI employees who
24  worked at RL as General Managers in California at any time from July 2004 through the present
25  time. Class B is composed of all current and former DRI employees who worked at RL as Beverage
26  and Hospitality Managers in California at any time from July 2004 through the present time.  Class
27  C is composed of all current and former DRI employees who worked at RL as Service Managers
28  in California at any time from July 2004 through the present time. (Classes A, B and C are

4

Exhibit ___A___, Page___12___

1   collectively referred to as the "Class.") Plaintiffs also challenge the business practices of DRI and
2   seek compensation on behalf of terminated and current employees of DRI and the general public
3   pursuant to California Business and Professions Code, Sections 17000, *et seq.* and 17200, *et seq.*

4       15.     This action is also brought by Plaintiffs on behalf of a Sub-Class of the Class,
5   consisting of persons whose employment with DRI whose employment at RL ended at any time
6   since July 2004, for 30 days waiting time penalties pursuant to California Labor Code, Section 203
7   (the "203 Sub-Class").

8       16.     The members of the Class and Sub-Classes are so numerous that the joinder of all
9   members would be impractical and the disposition of their claims in a class action rather than in
10  individual actions will benefit the parties and the Court. The individual damages suffered by Class
11  Members are relatively small in comparison so that individual actions or individual remedies are
12  impracticable.  There is a well-defined community of interest in the questions of law and fact
13  affecting the Plaintiff class in that the legal questions of violation of the California Labor Code, the
14  California Business  and Professions Code, Section 17000, *et seq.*, ("Unfair Practices Act"), and
15  the California Industrial Welfare Commission Wage Order No. 4, are common to the Class and
16  Sub-Classes.

17      17.     The questions of law and fact common to all members of the Class and Sub-Classes
18  predominate over any questions affecting only individual members and a class action is superior
19  to any other available method for the fair and efficient way of this controversy.

20      18.     A representative action pursuant to California Business and Professions Code,
21  Section 17000, *et seq.*, on behalf of the general public is appropriate and necessary because the trade
22  practices of DRI as alleged herein violated California law.  Plaintiffs also request pursuant to the
23  Unfair Practices Act that this Court exercise its ancillary jurisdiction over the sums unlawfully
24  retained by DRI as a result of the conduct alleged herein and order disgorgement of unpaid residuals
25  to all affected class members.

26                          **STATEMENT OF FACTS**

27      19.     Allegations and other factual contentions stated "on information and belief" are
28  likely to have evidentiary support after Plaintiffs are afforded a reasonable opportunity for further

                                5

Exhibit ___A___, Page___13___

1   investigation and discovery.

2       20.    Plaintiffs CACERES and DUNN were employed as General Managers working at

3   DRI'S RL stores in California location in Oxnard and Canoga Park, respectively.  Although they

4   worked at different restaurant locations, their job duties, hours worked and responsibilities were

5   strikingly similar. As General Managers, CACERES and DUNN were regularly scheduled to work

6   at least ten hours a day, often six days a week.  On certain occasions, Plaintiffs CACERES and

7   DUNN worked as much as 15 hours per day, and this does not include the time spent working from

8   home.  Although CACERES and DUNN worked in different  locations, their duties as General

9   Managers were very similar.  These duties included maintaining the appearance of the restaurant,

10   setting sales goals in training restaurant staff so that those goals could be met, tracking inventory

11   and anticipated need for inventory so that the restaurant was fully stocked and supplies were ordered

12   in a timely fashion, conferred with suppliers and making sure restaurant promotions were accurately

13   followed and ensuring that company recipes were followed for all food items served to customers.

14   Moreover, CACERES and DUNN were also responsible for hiring, interviewing, reviewing sales

15   reports, guest counts, labor costs, and reviewing training programs to receive new information and

16   to increase their level of performance in all areas.  Besides these managerial duties, CACERES and

17   DUNN were also responsible for ensuring good customer service which often meant that they spent

18   a good deal of time waiting on tables, cooking and/or cleaning.  Further, CACERES and DUNN

19   were required to attend numerous conferences, regional meetings and seminars throughout the

20   United States and were not compensated for their time.  Specifically, CACERES and DUNN are

21   informed and believe, and based thereon allege, that RL would insist that travel time to and from

22   these meetings be done on the General Manager's "day off" and therefore would not compensate

23   CACERES, DUNN and the rest of the Class for their travel time.  Moreover, once at the meetings,

24   the General Managers were still not compensated for this time.

25       21.    As General Managers, CACERES and DUNN were the only employees not

26   expected to clock in and out for breaks, which was a change in RL policy that occurred after a

27   previous lawsuit for missed meal and rest breaks was settled in California in 2003.  Although

28   CACERES and DUNN were not expected to clock out for these breaks, in reality, due to the

6

1   constant demands and pressure that is placed on the entire management staff at RL, taking either

2   a ten minute uninterrupted rest break for every four hours worked and/or a thirty minute

3   uninterrupted meal break for every six hours each day hardly ever occurred.

4        22.    Plaintiff COX was employed as a Beverage and Hospitality Manager at DRI'S RL

5   location in Oxnard, California.  As the Beverage and Hospitality Manager, COX was required to

6   work at least fifty (50) hours each week.  Her primary duties as a Beverage and Hospitality Manager

7   included managing the bar and host staff, ensure proper inventory and supply in the bar, check all

8   daily reports on sales, and train staff to follow proper RL beverage recipes.  Moreover, just like the

9   General Managers, COX was responsible for making sure that all customers were treated properly.

10   This included seating customers, waiting on tables, delivering orders, and cleaning.

11        23.    COX, as the Beverage and Hospitality Manager, was required to clock in and out for

12   her breaks, although in reality, she hardly ever took a proper uninterrupted rest or meal break.  Since

13   it was corporate policy for managers to clock in and out for all breaks, and in reality breaks were

14   hardly ever taken, COX, like all other managers (regardless of what specific management title they

15   held with the exception of General Manager,) would at the end of the day edit her time card so that

16   she would not be written up later for a "break violation," which often happened for managers.  It

17   was regular custom and practice for all managers to edit their time cards to avoid being written up

18   or to have to explain how busy the restaurant had been to the District Manager.

19        24.    Plaintiffs CARROLL, NOVOA and LEFFERTS were all employed as Service

20   Managers working at DRI'S RL stores in California location in Oxnard and Canoga Park,

21   respectively.  Just like all of the other Managers, although they worked at different restaurant

22   locations, their job duties, hours worked and responsibilities were strikingly similar.  As Service

23   Managers, CARROLL, NOVOA and LEFFERTS were regularly scheduled to work at least ten

24   hours a day, five to sometimes six days a week.  Pursuant to RL's management policy, Service

25   Managers were to work approximately nine and one half hours each work day and take a thirty

26   minute meal break so that the daily hours worked would equal ten total hours.  In reality, based on

27   how the restaurant was run and the staffing levels, the ability to take the thirty minute uninterrupted

28   meal break (or a ten minute rest break) often proved impossible.

7

Exhibit ___A___, Page___15___

25.     As a Service Manager, regardless of what restaurant location they worked in, their duties were very similar. These duties included the interviewing and hiring of bussers and servers, working the dining room to ensure that all customers were happy with the level of service they were receiving, preparing employee performance reviews, disciplining employees for not following corporate policy when necessary, ensuring that the restaurant was clean and sanitized in all areas, checking the quality of food and ensure that proper food handling safety precautions were followed, and balancing the safe and preparing daily deposits. Besides the regular managerial duties, Service Managers were also expected to seat, wait on and serve guests, clear tables and clean the restaurant, kitchen and bar areas, cook and/or prepare food or beverages, and even wash dishes.

26.     Just like Beverage and Hospitality Managers, Service Managers also were required to clock in and out for their breaks although the reality was those breaks were hardly ever taken.

27.     Plaintiff STRAYER was employed as a Culinary Manager at DRI'S RL location in Oxnard, California. As the Culinary Manager, STRAYER was required to work at least fifty (50) hours each week. Her primary duties as a Culinary Manager included managing the kitchen staff, ensure proper inventory and supply in the kitchen, check all daily reports on sales, and train staff to follow proper RL food recipes. Moreover, just like all of the other Managers, STRAYER was responsible for making sure that all customers were treated properly. This included seating customers, waiting on tables, delivering orders, cooking and cleaning.

28.     Just like the other Managers (not General Managers), STRAYER as the Culinary Manager was required to clock in and out for her breaks, although in reality, she hardly ever took a proper uninterrupted rest or meal break. Since it was corporate policy for managers to clock in and out for all breaks, and in reality breaks were hardly ever taken, STRAYER, like all other managers (regardless of what specific management title they held - except for General Managers), would at the end of the day edit her time card so that she would not be written up later for a "break violation," which often happened for managers. It was regular custom and practice for all managers to edit their time cards to avoid being written up or to have to explain how busy the restaurant had been to the District Manager.

29.     In order for any of the Managers identified in this action to take a break, another

8

Exhibit ____A____, Page __16__

1    manager had to be present to watch over the restaurant.  In reality, it was infrequent that a second
2    manager would be present to cover the shift of the manager on break.  Moreover, when a manager
3    was able to take a thirty minute meal break, that break often took place in the bar area so that they
4    could watch over the restaurant and respond to anything that was needed in case of an emergency.
5    Collectively due to how DRI'S operated its RL restaurants in California, Plaintiffs rarely were ever
6    given the opportunity to take either an uninterrupted ten minute rest break or thirty minute meal
7    break.

8                            **FIRST CLAIM OF RELIEF**
9           **(Unpaid Minimum Wages Pursuant to Labor Code Section 1194**
10                            **and Wage Order 5-2001)**

11         30.    Plaintiffs realleges and incorporates herein by reference each and every allegation
12    contained in Paragraphs 1 through 29, inclusive, of this Complaint as though fully set forth herein.

13         31.    This action is brought pursuant to California Labor Code Section 1194 which
14    provides for an employee to recover in a civil action the unpaid balance of the full amount of
15    minimum wage compensation due, including interest thereon, attorneys' fees and costs.

16         32.    This action is also brought pursuant to Section 4 ("Minimum Wages") of the Wage
17    Order 5-2001.  Subpart B of Section 4 specifically states, "Every employer shall pay to each
18    employee, on the established payday for the period involved, not less than the applicable minimum
19    wage for all hours worked in the payroll period, whether the remuneration is measured by time,
20    piece, commission, or otherwise."

21         33.    Plaintiffs CACERES and DUNN and other members of the Class (collectively the
22    "Minimum Wage Class Members") are or were employees of Defendants in the State of California
23    and Defendants were and are an employer employing persons in the State of California.  As such,
24    the Class Members were the type of persons contemplated to be protected by the Labor Code and
25    Wage Orders and said regulations were intended to apply to Defendants and to prevent the type of
26    injury and damage herein.

27         34.    Class Members were required to travel during numerous times throughout the year
28    to attend various training conferences, seminars, and other management meetings wherein they were

                                          9

1  required to attend these events and travel to and from them on their off time, meaning Defendant
2  did not compensate them for attending these events.

3       35.    Labor Code Section 1194.2 states, "In any action under Section 1193.6 or Section
4  1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an
5  order of the commission, an employee shall be entitled to recover liquidated damages in an amount
6  equal to the wages unlawfully unpaid and interest thereon."

7       36.    The failure of DRI to pay the Minimum Wage Class Members minimum wage for
8  all hours worked violates both the Labor Code and the Wage Orders.  Consequently, the Minimum
9  Wage Class Members were not paid in compliance with California law.  As a direct and proximate
10  result of DRI's conduct as herein above alleged, Plaintiffs CACERES, DUNN and Class Members
11  have sustained and will continue to sustain damages in an amount in excess of Five Million Dollars
12  ($5,000,000.00) of unpaid minimum wage premiums, together with interest thereon and attorney
13  fees and costs of the suit.

14  **SECOND CLAIM OF RELIEF**

15  **(Unpaid Meal and Break Periods pursuant to Wage Order 5-2001**
16  **and California *Labor Code* §226.7)**

17       37.    Plaintiffs reallege and incorporate herein by reference each and every allegation
18  contained in Paragraphs 1 through 29, and 31 through 36, inclusive, of this Complaint as though
19  fully set forth herein.

20       38.    Section 11 of Wage Order 5-2001, specifically reads:
21           "Meal Periods.
22           A.    No employer shall employ any person for a work period of
23           more than five (5) hours without a meal period of not less than 30
24           minutes, except that when a work period of not more than six (6)
25           hours will complete the day's work the meal period may be waived
26           by mutual consent of the employer and employee.  Unless the
27           employee is relieved of all duty during a 30 minute meal period, the
28           meal period shall be considered an "on duty" meal period and

10

counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee of being relieved of all duty and when by written agreement between the parties and on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

B.    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

C.    In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated."

39.    Section 12 of Wage Order 5-2001 specifically states:

"Rest Periods.

A.    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

B.    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular

11

Exhibit ___A___, Page _19_

1  rate of compensation for each workday that the rest period is not
2  provided."
3  40.  California *Labor Code* Section 226.7 states:
4      A.  No employer shall require any employee to work during any
5          meal or rest period mandated by an applicable order of the
6          Industrial Welfare Commission.
7      B.  If an employer fails to provide an employee a meal period or
8          rest period in accordance with an applicable order of the
9          Industrial Welfare Commission, the employer shall pay the
10         employee one additional hour of pay at the employee's
11         regular rate of compensation for each work day that the meal
12         or rest period is not provided.
13  41.  Plaintiffs and the other Class Members, are or were employees of DRI who worked
14  in the State of California at DRI'S RL restaurants and DRI was and is an employer employing
15  persons in the State of California.  As such, the Class Members were the type of persons
16  contemplated to be protected by Wage Orders and *Labor Code* and said law and regulations were
17  intended to apply to DRI and to prevent the type of injury and damage herein.
18  42.  Plaintiffs and other Class Members were frequently prohibited from taking their ten
19  minute uninterrupted rest breaks for every four hours worked as well as their uninterrupted 30
20  minute meal breaks.  Often the work required by DRI prohibited Plaintiffs and the other Class
21  Members from taking breaks through a 12 hour work day.
22  43.  The failure of DRI to allow the Class Members the opportunities to take the required
23  rest periods and meal breaks violates the Wage Orders and *Labor Code*.  Consequently, DRI was
24  not in compliance with California law.  As a direct and proximate result of DRI'S conduct as
25  herein above alleged, Plaintiffs and Class Members have sustained and will continue to sustain
26  damages in an amount in excess of Seven Million Dollars ($7,000,000.00) of unpaid premiums,
27  together with interest thereon and attorney fees and costs of the suit.
28  ////

12

**COMPLAINT - CLASS ACTION**

Exhibit ___A___, Page ___20___

1    acts of the other directors, officers, employees and/or agents as set forth in Business & Professions
2    Code §17095.

3        52.    DRI, through its RL restaurants, creates, prepares, sells and serves seafood based
4    meals throughout California.   This provides service to the public as defined in Business &
5    Professions Code §§17022 and 17024.

6        53.    Plaintiffs are informed and believe, and based thereon allege, that DRI has
7    intentionally and improperly required the Class Members to perform tasks, including, but not
8    limited to working without proper meal and rest breaks for the period of July 2004 to the present.

9        54.    Plaintiffs are informed and believe, and based thereon allege, that DRI has under-
10   reported to federal and state authorities wages earned by the Class Members and, therefore, has
11   underpaid state and federal taxes, employer matching funds, unemployment premiums, Social
12   Security, Medicare, and Workers' Compensation premiums. The aforesaid conduct is criminal in
13   nature and subjects DRI to sanctions, fines and imprisonment, and is actionable under Business &
14   Professions Code §§17000 *et seq.*, and 17200 *et seq.*

15       55.    Plaintiffs are informed and believe, and based thereon allege, that by failing to
16   provide compensation for all hours worked and proper rest and meal breaks for Class Members for
17   the time period of July 2004 to the present was intentional.

18       56.    Pursuant to Business & Professions Code §§17071 and 17075, the failure of DRI to
19   properly pay unpaid wages, related benefits, and employment taxes, is admissible as evidence of
20   DRI'S intent to violate Chapter 4 of the Unfair Business Trade Act.

21       57.    Plaintiffs are informed and believe, and based thereon allege, that DRI has instructed
22   and directed its directors, officers, employees, and/or agents to intentionally and unlawfully avoid
23   payment of wages due for all hours worked, in order to take advantage over DRI'S competitors in
24   violation of Business & Professions Code §17043, including and without limitation:

25           a.    Class Members were required to work not just eight (8) hours in one work
26                 day or forty (40) hours in one work week, but were required to work as long
27                 as necessary to complete their jobs without breaks;
28           b.    Class Members were required to perform work and attend training,

14

COMPLAINT - CLASS ACTION

## THIRD CLAIM OF RELIEF

### (Violation of Labor Code §203 (§203 Subclass))

44.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 29, 31 through 36, and 38 through 43, inclusive, of this Complaint as though fully set forth herein.

45.     Plaintiffs and the Section 203 Sub-Class of employees whose employment with DRI has been terminated at any time since July 15, 2004 were, at all times, during their employment with DRI, entitled to wages for all hours worked but unpaid, including, but not limited to, all missed meal and rest breaks.

46.     More than 30 days have passed since Plaintiffs and the other members of the Section 203 Sub-Class quit or were discharged from their positions with DRI.

47.     As a consequence of DRI's willful failure to pay the Section 203 Sub-Class members for all hours worked but unpaid, including, but not limited to all missed meal and rest breaks, the Section 203 Sub-Class members are entitled to thirty days wages as penalty damages in excess of Five Million Dollars ($5,000,000.00) pursuant to Labor Code, Section 203.

## FOURTH CAUSE OF ACTION

### (Unfair Business Practices, Business & Professions Code, §§17000, et seq.)

48.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 29, 31 through 36, 38 through 43, and 45 through 47, inclusive, of this Complaint as though fully set forth herein.

49.     The Unfair Trade Practices Act defines unfair competition to include any "unfair," "unlawful," or "deceptive" business practice. The Unfair Trade Practices Act provides for injunctive and restitutionary relief for violations. The failure to compensate the Class Members for all time worked, including, but not limited to, compensation for missed meal and rest breaks, is an unfair business practice as defined by the Unfair Practices Act.

50.     Defendants, and each of them, are "persons" as defined under Business & Professions Code §17021.

51.     Each of the directors, officers, and/or agents of DRI are equally responsible for the

13

management and other meetings throughout the country while not receiving compensation for their actions; and

    c.    Plaintiffs are informed and believe, and based thereon alleges, that DRI was able to compete unfairly with other chain type restaurants in the State of California by not properly providing its employees wages for all hours worked and meal and rest breaks in violation of Business & Professions Code, Chapter 4 and 5, *et seq.*

58.    The victims of this unfair business practice include, but are not limited to, the Class Members, competing businesses in the State of California, and the general public.

59.    Plaintiffs are informed and believe, and based thereon allege, that DRI performed the above-mentioned acts with the intent of gaining an unfair competitive advantage, thereby injuring Plaintiffs, employees, other competitors, and the general public.

60.    Plaintiffs are informed and believe, and based thereon allege, that DRI by committing the above-described acts, has deceived the public by illegally depriving its employees of wages, thus injuring its employees who are members of the community.

61.    The failure to properly pay wages is a crime punishable by both a statutory fine and imprisonment for each violation pursuant to Business & Professions Code §17100, and other statutes. The acts constitute a continuing and ongoing unlawful activity prohibited by Business & Professions Code §§17000, *et seq.*, and 17200, *et seq.*, and justify the issuance of an injunction. All remedies are cumulative pursuant to Business & Professions Code §17205.

62.    Pursuant to Business & Professions Code §17082, Plaintiffs, on behalf of themselves and all other Class Members, request three (3) times the amount of the Class Members' damages resulting from each of DRI'S violations of Chapter 4 of the Unfair Trade Practices Act.

63.    Pursuant to Business & Professions Code §§17200 and 17203, Plaintiffs and members of the general public are entitled to restitution of all funds wrongfully not paid by DRI to the Class Members, together with interest, penalties, attorney fees and costs. Plaintiffs are also entitled to an injunction prohibiting DRI from requiring its employees to work without proper compensation and rest and meal breaks.

15

Exhibit _____A_____, Page_____23_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class and Sub-Class Members pray for judgment as follows:

1. For unpaid minimum wage compensation in an amount in excess of five million dollars ($5,000,000.00), together with interest thereon;

2. For liquidated damages pursuant to Labor Code Section 1194.2;

3. For unpaid meal and rest break premiums in an amount in excess of seven million dollars ($7,000,000.00), together with interest thereon;

4. For waiting-time penalties under *Labor Code* § 203 for all Class Members during the applicable limitations period in excess of five million dollars ($5,000,000.00), together with interest thereon;

5. For treble damages pursuant to the Unfair Practices Act;

6. For attorney fees, expenses and costs pursuant to Labor Code, Section 1194;

7. For an injunction prohibiting DRI from requiring its California employees to spend time performing tasks for which they are not paid;

8. For such other and further relief as the Court deems just and proper; and

9. For a jury trial.

THE LAW OFFICE OF GARRY M. TETALMAN

DATED: July 18, 2008            By: _____
                                    Garry M. Tetalman, Esq.
                                    Attorneys for Plaintiffs

THE LAW OFFICE OF LAUREN JOHN UDDEN

DATED: July 18, 2008            By: _____
                                    Lauren John Udden, Esq.
                                    Attorneys for Plaintiffs

16

COMPLAINT - CLASS ACTION

1

## PROOF OF SERVICE BY UNITED STATES MAIL

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3      I am employed in the County of Los Angeles, State of California; I am over
   the age of 18 years and not a party to this action.  My business address is 633 West
4  Fifth Street, 53rd Floor, Los Angeles, California 90071.

5      On October 17, 2008, I served the following document(s) described as:

6

## DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO
7 ## FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

8  on the persons below as follows:

9  Garry M. Tetalman
   The Law Office of Garry M. Tetalman
10 15 W. Camarillo Street, Suite 209
   Santa Barbara, California 93101
11

12 Lauren J. Udden
   The Law Office of Lauren J. Udden
13 15 W. Camarillo Street, Suite 209
   Santa Barbara, California 93101

14     I enclosed the documents in a sealed envelope or package addressed to the
15 persons at the addresses as indicated above and:

16 ☐   deposited the sealed envelope or package with the United States Postal
       Service, with the postage fully prepaid.
17
18 ☒   placed the envelope or package for collection and mailing, following our
       ordinary business practices.  I am readily familiar with this business's practice
       for collecting and processing correspondence for mailing.  On the same day
19     that correspondence is placed for collection and mailing, it is deposited in the
       ordinary course of business with the United State Postal Service, in a sealed
20     envelope or package with postage fully prepaid.

21     I am employed in the county where the mailing occurred.  The envelope or
   package was placed in the mail at Los Angeles, California.
22

23 ☒   (Federal)   I declare that I am employed in the office of a member of the Bar
                  of this Court at whose direction the service was made.  I declare
24                under penalty of perjury under the laws of the United States of
                  America that the above is true and correct.
25

26 Executed on October 17, 2008, at Los Angeles, California.

27 Miltonette Steinberg
   Type Name                                            Signature
28

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JESUS ALBERTO CACERES; CYNTHIA STRAYER; MELIDA NOVOA; LAURIE COX; ALLISON CARROLL; ELIAH LEFFERTS; TONY DUNN; for themselves and on behalf of all others similarly situated | DARDEN RESTAURANTS, INC., A Florida corporation, doing business in Califonia as RED LOBSTER, and DOES 1 through 52 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Garry M. Tetalman, SBN 204189<br>The Law Office of Garry M. Tetalman, Tel: 805.879.7518<br>Lauren J. Udden, SBN 083118<br>The Law Office of Lauren J. Udden, Tel: 805.879.7544<br>15 W. Carrillo Street, Suite 209<br>Santa Barbara, California  93101 | Jack S. Sholkoff, SBN 145097<br>Beth A. Gunn, SBN 218889<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C<br>633 W. Fifth Street, Suite 5300<br>Los Angeles, California  90071<br>Tel: 213.239.9800; Fax 213.239.9045 |

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** In excess of 17,000,000.00

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Sections 1332, 1441, 1446, and 1453 (The Class Action Fairness Act); Plaintiffs filed complaint alleging wage and hour class action, including claims for unpaid minimum wages pursuant to Labor Code section 1194, unpaid meal and break periods pursuant to Labor Code section 226.7, violation of Labor Code section 203, and unfair business practices.

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to | ☐ 710 Fair Labor |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product | ☐ 370 Other Fraud | Vacate Sentence | Standards Act |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | Liability | ☐ 371 Truth in Lending | Habeas Corpus | ☐ 720 Labor/Mgmt. |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | Relations |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☒ 790 Other Labor |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | Litigation |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment<br>☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent<br>☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**  Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)

CV08-06840

**CIVIL COVER SHEET**

Page 1 of 2

CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No    [ ] Yes
If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] No    [ ] Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   [ ]  A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　[ ]  B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　[ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　[ ]  D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
　　[ ]  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All named plaintiffs residing in California reside in Ventura County. | One named plaintiff resides in Arizona. |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
　　[ ]  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Florida | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County and potentially other California counties. | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved.

X.   SIGNATURE OF ATTORNEY (OR PRO PER):  _~[signature]~_ _____   Date  October 17, 2008
　　　　　　　　　　　　　　　　　　　Attorney for Defendant Darden Restaurants, Inc.

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge J. Spencer Letts and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV08- 6840 JSL (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [_] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY