JACK S. SHOLKOFF, State Bar No. 145097
jack.sholkoff@ogletreedeakins.com
BETH A. GUNN, State Bar No. 218889
beth.gunn@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
Telephone:  (213) 239-9800
Facsimile:   (213) 239-9045

Attorneys for Defendant
DARDEN RESTAURANTS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ALBERTO CACERES, an individual; CYNTHIA STRAYER, an individual; MELIDA NOVOA, an individual; LAURIE COX, an individual; ALLISON CARROLL, an individual; ELIAH LEFFERTS, an individual; TONY DUNN, an individual; for themselves, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DARDEN RESTAURANTS, INC., a Florida corporation, doing business in California as RED LOBSTER, and DOES 1 through 52, inclusive,<br><br>Defendants. | Case No. CV08-06840 CAS (AGRx)<br><br>**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Date Filed: September 12, 2008 |

///
///
///
///
///
///

CASE NO. CV08-06840 CAS (AGRx)
DEFENDANT DARDEN RESTAURANT, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

6802605_1

Defendant Darden Restaurants, Inc. (hereinafter "Defendant"), hereby answers Plaintiffs' First Amended Complaint (the "Complaint") and admits, denies and alleges as follows:

## GENERAL ALLEGATIONS

1. With regard to the allegations contained in paragraph 1 of the Complaint, Defendant admits that is was, at all times mentioned in the Complaint, a Florida corporation, and the parent company of its wholly-owned subsidiary GMRI, Inc., dba Red Lobster. Except as specifically admitted, Defendant denies each and every allegation contained in paragraph 1 of the Complaint.

2. Defendant denies that Plaintiff Jesus Alberto Caceres ("Caceres") was employed by Defendant from August 1993 to April 2008. Defendant lacks sufficient information with which to admit or deny the rest of the allegations contained in paragraph 2 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 2 of the Complaint.

3. Defendant denies that Plaintiff Tony Dunn ("Dunn") was employed by Defendant from October 11, 2002 to April 9, 2008. Defendant lacks sufficient information with which to admit or deny the rest of the allegations contained in paragraph 3 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 3 of the Complaint.

4. Defendant denies that Plaintiff Laurie Sue Cox ("Cox") was employed by Defendant from February 5, 2007 to April 6, 2008. Defendant lacks sufficient information with which to admit or deny the rest of the allegations contained in paragraph 4 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 4 of the Complaint.

5. Defendant denies that Plaintiff Cynthia Strayer ("Strayer") was employed by Defendant. Defendant lacks sufficient information with which to admit or deny the rest of the allegations contained in paragraph 5 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 5 of the

Complaint.

6. Defendant denies that Plaintiff Allison Carroll ("Carroll") was employed by Defendant from August 2, 2004 to April 6, 2008. Defendant lacks sufficient information with which to admit or deny the rest of the allegations contained in paragraph 6 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 6 of the Complaint.

7. Defendant denies that Plaintiff Melida Novoa ("Novoa") was employed by Defendant from March 6, 2007 to April 7, 2008. Defendant lacks sufficient information with which to admit or deny the rest of the allegations contained in paragraph 7 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 7 of the Complaint.

8. Defendant denies that Plaintiff Eliah Lefferts ("Lefferts") was employed by Defendant from May 22, 2006 to April 6, 2008. Defendant lacks sufficient information with which to admit or deny the rest of the allegations contained in paragraph 8 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 8 of the Complaint.

9. With regard to the allegations contained in paragraph 9 of the Complaint, Defendant admits that Caceres, Dunn, Cox, Strayer, Carroll, Novoa, and Lefferts refer to themselves collectively throughout the Complaint as Plaintiffs. Except as specifically admitted, Defendant denies each and every allegation contained in paragraph 9 of the Complaint.

10. Defendant lacks sufficient information with which to admit or deny the allegations contained in paragraph 10 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 10 of the Complaint.

11. Defendant lacks sufficient information with which to admit or deny the allegations contained in paragraph 11 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 11 of the Complaint.

12. Defendant lacks sufficient information with which to admit or deny the

allegations contained in paragraph 12 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 12 of the Complaint.

13. With regard to the allegations contained in paragraph 13 of the Complaint, Defendant admits that Plaintiffs purport to bring this action as a class action seeking unpaid minimum wage compensation pursuant to California *Labor Code* Section 1194 and Wage Order No. 5. Except as specifically admitted, Defendant denies each and every allegation contained in paragraph 13 of the Complaint.

14. With regard to the allegations contained in paragraph 14 of the Complaint, Defendant admits that Plaintiffs purport to bring this action as a class action pursuant to California *Code of Civil Procedure*, Section 382 on behalf of three classes, as defined in the Complaint. Except as specifically admitted, Defendant denies each and every allegation contained in paragraph 14 of the Complaint.

15. With regard to the allegations contained in paragraph 15 of the Complaint, Defendant admits that Plaintiffs purport to bring this action as a class action on behalf of a Sub-Class of the Class, as defined in the Complaint. Except as specifically admitted, Defendant denies each and every allegation contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

## STATEMENT OF FACTS

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant lacks sufficient information with which to admit or deny the

allegations contained in paragraph 20 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 20 of the Complaint.

21. Defendant lacks sufficient information with which to admit or deny the allegations contained in paragraph 21 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 21 of the Complaint.

22. Defendant lacks sufficient information with which to admit or deny the allegations contained in paragraph 22 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 22 of the Complaint.

23. Defendant lacks sufficient information with which to admit or deny the allegations contained in paragraph 23 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 23 of the Complaint.

24. With regard to the allegations contained in paragraph 24 of the Complaint, Defendant denies that Plaintiffs Caceres and Dunn were employed by Defendant as General Managers. Defendant lacks sufficient information with which to admit or deny the rest of the allegations contained in paragraph 24 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 24 of the Complaint.

25. Defendant lacks sufficient information with which to admit or deny the allegations contained in paragraph 25 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 25 of the Complaint.

26. With regard to the allegations contained in paragraph 26 of the Complaint, Defendant denies that Plaintiff Cox was employed by Defendant as a Beverage and Hospitality Manager. Defendant lacks sufficient information with which to admit or deny the rest of the allegations contained in paragraph 26 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 26 of the Complaint.

27. Defendant lacks sufficient information with which to admit or deny the allegations contained in paragraph 27 of the Complaint, and on that ground, denies

1  each and every allegation contained in paragraph 27 of the Complaint.

2      28.   With regard to the allegations contained in paragraph 28 of the Complaint, Defendant denies that Plaintiffs Carroll, Novoa, and Lefferts were employed by Defendant as Service Managers. Defendant lacks sufficient information with which to admit or deny the rest of the allegations contained in paragraph 28 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 28 of the Complaint.

    29.   Defendant lacks sufficient information with which to admit or deny the allegations contained in paragraph 29 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 29 of the Complaint.

    30.   Defendant lacks sufficient information with which to admit or deny the allegations contained in paragraph 30 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 30 of the Complaint.

    31.   With regard to the allegations contained in paragraph 31 of the Complaint, Defendant denies that Plaintiff Strayer was employed by Defendant as a Culinary Manager. Defendant lacks sufficient information with which to admit or deny the rest of the allegations contained in paragraph 31 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 31 of the Complaint.

    32.   Defendant lacks sufficient information with which to admit or deny the allegations contained in paragraph 32 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 32 of the Complaint.

    33.   With regard to the allegations contained in paragraph 33 of the Complaint, Defendant denies that it operated Red Lobster Restaurants in California. Defendant lacks sufficient information with which to admit or deny the rest of the allegations contained in paragraph 33 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 33 of the Complaint.

# FIRST CLAIM OF RELIEF

## (Unpaid Minimum Wages Pursuant to Labor Code Section 1194 and Wage Order 5-2001)

34. With regard to the allegations contained in paragraph 34 of the Complaint, Defendant admits that Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 33, inclusive, of the Complaint. Except as specifically admitted, Defendant denies each and every allegation contained in or incorporated by paragraph 34 of the Complaint.

35. With regard to the allegation contained in paragraph 35 of the Complaint, Defendant admits that this action is brought pursuant to California Labor Code Section 1194. Except as specifically admitted, Defendant denies each and every allegation contained in paragraph 35 of the Complaint.

36. With regard to the allegation contained in paragraph 36 of the Complaint, Defendant admits that this action is brought pursuant to Section 4 of the Wage Order 5-2001. Except as specifically admitted, Defendant denies each and every allegation contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. With regard to the allegations contained in paragraph 38 of the Complaint, Defendant admits that it did not compensate the proposed class members, on the ground that Defendant did not employ members of the putative class as defined in the Complaint. Defendant lacks sufficient information with which to admit or deny the rest of the allegations contained in paragraph 38 of the Complaint, and on that ground, denies each and every allegation contained in paragraph 38 of the Complaint.

39. With regard to the allegation contained in paragraph 39 of the Complaint, Defendant admits that this action is brought pursuant to Labor Code Section 1194.2. Except as specifically admitted, Defendant denies each and every allegation

contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (Unpaid Meal and Break Periods pursuant to Wage Order 5-2001, and California Labor Code §226.7)

41. With regard to the allegations contained in paragraph 41 of the Complaint, Defendant admits that Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 33, and 35 through 40, inclusive, of the Complaint. Except as specifically admitted, Defendant denies each and every allegation contained in or incorporated by paragraph 41 of the Complaint.

42. With regard to the allegation contained in paragraph 42 of the Complaint, Defendant admits that this action is brought pursuant to Section 11 of Wage Order 5-2001. Except as specifically admitted, Defendant denies each and every allegation contained in paragraph 42 of the Complaint

43. With regard to the allegation contained in paragraph 43 of the Complaint, Defendant admits that this action is brought pursuant to Section 12 of Wage Order 5-2001. Except as specifically admitted, Defendant denies each and every allegation contained in paragraph 43 of the Complaint

44. With regard to the allegation contained in paragraph 44 of the Complaint, Defendant admits that this action is brought pursuant to California *Labor Code* Section 226.7. Except as specifically admitted, Defendant denies each and every allegation contained in paragraph 44 of the Complaint

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the

Complaint.

### THIRD CLAIM OF RELIEF

### (Violation of Labor Code §203 (§ 203 Subclass))

48. With regard to the allegations contained in paragraph 48 of the Complaint, Defendant admits that Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 33, 35 through 40, and 42 through 47, inclusive, of the Complaint. Except as specifically admitted, Defendant denies each and every allegation contained in or incorporated by paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

### FOURTH CAUSE OF ACTION

### (Unfair Business Practices. Business Professions Code, § 7000, et seq.)

52. With regard to the allegations contained in paragraph 52 of the Complaint, Defendant admits that Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 33, 35 through 40, 42 through 47, and 49 through 51, inclusive, of the Complaint. Except as specifically admitted, Defendant denies each and every allegation contained in or incorporated by paragraph 52 of the Complaint.

53. With regard to the allegations contained in paragraph 53 of the Complaint, Defendant admits that this action is brought pursuant to The Unfair Trade Practices Act. Except as specifically admitted, Defendant denies each and every allegation contained in paragraph 53 of the Complaint.

54. With regard to the allegations contained in paragraph 54 of the

Complaint, Defendant admits that this action is brought pursuant to Business and Professions Code § 17021, and Defendant admits that it is a corporation. Except as specifically admitted, Defendant denies each and every allegation contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint, including subparagraphs (a) – (c).

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. With regard to the allegations contained in paragraph 65 of the Complaint, Defendant admits that this action is brought pursuant to Business and Professions Code §§ 17100 and 17200 *et seq.* Except as specifically admitted, Defendant denies each and every allegation contained in paragraph 65 of the

1 | Complaint.

2 | 66. With regard to the allegations contained in paragraph 66 of the
3 | Complaint, Defendant admits that this action is brought pursuant to Business and
4 | Professions Code § 17082. Except as specifically admitted, Defendant denies each
5 | and every allegation contained in paragraph 66 of the Complaint.

6 | 67. With regard to the allegations contained in paragraph 67 of the
7 | Complaint, Defendant admits that this action is brought pursuant to Business and
8 | Professions Code §§ 17200 and 17203. Except as specifically admitted, Defendant
9 | denies each and every allegation contained in paragraph 67 of the Complaint.

10 | ///
11 | ///
12 | ///
13 | ///
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

## AFFIRMATIVE DEFENSES

Additionally, Defendant asserts the following affirmative defenses as set forth below:

### FIRST AFFIRMATIVE DEFENSE

1. As a first and separate defense, Defendant alleges that Defendant is not a proper party to this action.

### SECOND AFFIRMATIVE DEFENSE

2. As a second and separate defense, Defendant alleges that the Complaint fails to state facts sufficient to constitute a claim for relief against Defendant.

### THIRD AFFIRMATIVE DEFENSE

3. As a third and separate defense, Defendant alleges that Plaintiffs' recovery in this action is barred in whole or in part by their failure to exercise diligence to mitigate any damages allegedly incurred by them.

### FOURTH AFFIRMATIVE DEFENSE

4. As a fourth and separate defense, Plaintiffs' recovery in this action is barred in whole or in part by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

5. As a fifth and separate defense, Plaintiffs' recovery in this action is barred in whole or in part by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6. As a sixth and separate defense, Plaintiffs' recovery in this action is barred in whole or in part by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

7. As a seventh and separate defense, Plaintiffs' recovery in this action is barred in whole or in part by their own unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

8. As an eighth and separate defense, Defendant alleges that it acted in good faith and had reasonable grounds for believing its actions did not violate the

law.

### NINTH AFFIRMATIVE DEFENSE

9. As a ninth and separate defense, Plaintiffs are not entitled to any penalty award under any section of the California Labor Code because at all relevant times, Defendant did not willfully, knowingly, or intentionally fail to comply with the compensation provisions of the California Labor Code but rather acted in good faith and had reasonable grounds for believing that Defendant did not violate those provisions.

### TENTH AFFIRMATIVE DEFENSE

10. As a tenth and separate defense, Defendant contends that Plaintiffs' claims for relief based upon Defendant's alleged failure to provide meal periods and rest breaks fail because to the extent Defendant did not provide its employees the legally required meal periods, rest breaks, or overtime compensation, said violations were *de minimis*; and ignoring *de minimis* violations, Defendant provided Plaintiffs with the legally required meal breaks, rest periods, and overtime compensation.

### ELEVENTH AFFIRMATIVE DEFENSE

11. As an eleventh and separate defense, Defendant alleges that Plaintiffs cannot satisfy the requirements for a class, group or collective action.

### TWELFTH AFFIRMATIVE DEFENSE

12. As a twelfth and separate defense, Defendant alleges that Plaintiffs lack standing to assert the claims set forth in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. As a thirteenth and separate defense, Defendants allege that they provided meal and rest periods to Plaintiffs by not denying Plaintiffs the opportunity to take legally required meal and rest periods while employed by Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. As a fourteenth and separate defense, Defendant alleges that Plaintiffs' claims are barred because Plaintiff has failed to and cannot satisfy the maintenance

of a class action, including, and without limitation, ascertainability, predominance, typicality, adequacy (both as to the proposed representative and proposed class counsel), commonality, and superiority.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    As a fifteenth and separate defense, Defendant alleges that at all times relevant hereto, Defendant performed and discharged in good faith each and every obligation owed, if any, to Plaintiffs, acting without malice and with the good faith belief in the propriety of their conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    As a sixteenth and separate defense, Defendant alleges that at all times relevant hereto, Defendant performed and discharged each and every obligation owed to Plaintiff, if any, except such obligations as Defendant was excused from performing as a result of Plaintiffs' conduct and failure to perform obligations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    As a seventeenth and separate defense, Defendant alleges that at all times relevant hereto, Plaintiffs have suffered no legally cognizable damages as a result of the matters alleged in the Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    As an eighteenth and separate defense, Defendant alleges the Complaint, and each purported claim for relief therein, fails to allege facts sufficient to allow recovery of attorneys' fees from Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

19.    As a nineteenth and separate defense, Defendant alleges the Complaint, and each purported claim for relief therein, is barred in whole or in part by the doctrine of offset.

### TWENTIETH AFFIRMATIVE DEFENSE

20.    As a twentieth and separate defense, Defendant alleges that Plaintiffs' claims under Business and Professions Code Section 17200 are barred to the extent

that they are not members of the putative class.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. As a twenty-first and separate defense, Defendant alleges that Plaintiffs' claims under Business and Professions Code Section 17200 are barred because the manner in which Plaintiffs allege that said statute applies to Defendant's business and practices constitutes a violation of Defendant's constitutional right to due process.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. As a twenty-second and separate defense, Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses. Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by their Complaint;
2. That judgment be entered against Plaintiffs and in favor of Defendant;
3. That Defendant be awarded its attorneys' fees incurred herein;
4. That Defendant be awarded its costs of suit herein; and
5. For such other and further relief as the Court deems just and proper.

DATED: November 17, 2008

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Beth A. Gunn
Attorneys for Defendant
DARDEN RESTAURANTS, INC.

# PROOF OF SERVICE BY UNITED STATES MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 633 West Fifth Street, 53rd Floor, Los Angeles, California 90071.

    On November 17, 2008, I served the following document(s) described as:

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

on the persons below as follows:

| | |
|---|---|
| Garry M. Tetalman<br>The Law Office of Garry M. Tetalman<br>15 W. Camarillo Street, Suite 218<br>Santa Barbara, California 93101 | Lauren J. Udden<br>The Law Office of Lauren J. Udden<br>15 W. Camarillo Street, Suite 209<br>Santa Barbara, California 93101 |

    I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐     deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.

☒     placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

    I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐    (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    (Federal)     I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 17, 2008, at Los Angeles, California.

Vertice Williams                                           /s/ Vertice Williams

CASE NO. CV08-06840 CAS (AGRx)